# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzmán | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 0847 | **DATE** | 6/19/08 |
| **CASE TITLE** | Norris vs. Jones | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [14] is granted. However, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(b)(1) for failure to state an actionable federal claim/for lack of federal subject matter jurisdiction. The case is terminated. Plaintiff's previous motion for leave to file *in forma pauperis* [6], motion for appointment of counsel [10], and motions to stay [3] and [9], are denied as moot. This dismissal counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [**For further details see text below.**]

## STATEMENT

Plaintiff, previously a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendant, a former Will County Public Defender, provided inadequate and ineffective representation of Plaintiff in two state criminal prosecutions.

The Court finds that Plaintiff is unable to prepay the filing fee. Accordingly, the Court grants Plaintiff's motion to proceed *in forma pauperis*.

However, under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a suit brought *in forma pauperis* at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting Plaintiff's factual allegations as true, the Court finds that the complaint fails to state an actionable federal claim as a matter of law.

Plaintiff contends that his defense attorney was ineffective in multiple respects. However, even if Defendant's alleged actions have violated state law and professional ethics, Plaintiff cannot recover damages under 42 U.S.C. § 1983. To be liable under the Civil Rights Act, an individual must have both acted under color of state law and violated a constitutional right. *Burrell v. City of Mattoon*, 378 F.3d 642, 647 (7th Cir. 2004). In this case, Plaintiff is not suing a state official; rather, he is suing his public defender. Defense attorneys, whether state public defenders or privately retained counsel, are not "state actors" and therefore cannot be sued for damages under the Civil Rights Act. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *see also Cornes v. Munoz*, 724 F.2d 61, 63 (7th Cir. 1983); *Chapman v. Burton Berger & Associates, Ltd.*, 159 B.R. 812, 8 (N.D. Ill. 1993), *aff'd* 46 F.3d 1133 (7th Cir. 1995), *cert. denied*, 516 U.S. 853 (1995). Plaintiff's claims are therefore not actionable under 42 U.S.C. § 1983.

JJD

**STATEMENT (continued)**

not actionable under 42 U.S.C. § 1983.

Regardless, Plaintiff could not prove his entitlement to damages without showing that his convictions have reversed or invalidated. "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Until the sentence has been invalidated, the cause of action for damages simply "does not accrue." *Heck*, 512 U.S. at 490. *See also Hoard v. Reddy*, 175 F.3d 531, 534 (7th Cir.), *cert. denied*, 528 U.S. 970 (1999) ("where the prisoner is complaining about being hindered in his efforts to get his conviction set aside, the hindrance is of no consequence if the conviction was valid, and so he cannot get damages until the conviction is invalidated.").

Although the Court is required to construe the *pro se* complaint liberally, the Court discerns no alternative basis for federal jurisdiction, such as the implication of another federal statute or diversity of citizenship between the parties. Any cause of action for legal malpractice, negligence, breach of fiduciary duty, or any other tort must be brought in state court.

Plaintiff may have a viable claim for ineffective assistance of counsel sounding in habeas corpus, but only after he exhausts available state remedies. *See* 28 U.S.C. § 2254(b)(1)(A). The Court is not permitted to "convert" the civil rights action into a habeas corpus suit and decide the case on its merits. *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). Rather, "[i]t should simply be dismissed, leaving to the prisoner to decide whether to refile it as a petition for habeas corpus." *Litscher*, 178 F.3d at 500.

For the foregoing reasons, this suit is dismissed for lack of federal subject matter jurisdiction. The dismissal entered here is without prejudice to pursuing any avenues of relief that may be available in state court or under federal habeas law.

Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(c). If Plaintiff does choose to appeal, he will be liable for the $255 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another "strike."